

FILED
AUGUST 23, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAY DELONG,

    Plaintiff,

v.

AMERICAN BAR ASSOCIATION,

    Defendant.

Case No.

07CV4783
JUDGE St EVE
MAGISTRATE JUDGE SCHENKIER

## COMPLAINT

NOW COMES Plaintiff, RAY DELONG, (hereinafter referred to as "Plaintiff") by and through his attorneys, GOLD & COULSON, a partnership of professional and limited liability corporations and for his complaint against Defendant, American Bar Association (hereinafter referred to as "ABA") states:

1. This action is brought for damages Plaintiff sustained by reason the ABA's violation of Plaintiff's civil rights under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621 *et. seq.*

2. Plaintiff is a citizen of the United States and is a resident of the Northern District of Illinois.

3. ABA is a non-for-profit association of attorneys organized and existing under the laws of the United States and does substantial business in the Northern District of Illinois and has its principal place of business at 321 N. Clark Street, Chicago, Illinois.

4. At all times relevant, the ABA was an "employer" within the meaning ADEA.

5. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6. Venue is appropriate in this Court pursuant to 28 USC §1391(b) since a substantial part of the events or omissions giving rise to the violation of the ADEA occurred in this

judicial district and the ABA is found in this district.

7. In 1986 Plaintiff was hired by the ABA to be a senior editor for ABA publishing.

8. For the ABA during his 21 years, Plaintiff oversaw five publications: one four-color bi-monthly magazine, *Business Law Today*, the quarterly four-color newspaper *Litigation Docket* and three newsletters. Plaintiff handled the first two publications for the two largest sections of the ABA from the outset, from idea and prototype, through regular production. Plaintiff reported and wrote articles, edited articles, and did the layouts. *Litigation Docket* was named the best newspaper in the nation in 1997 by the Society of National Association Publications. It also got the best-in-nation award from the American Society of Association Executives in 2000. A two-part series on alcoholic lawyers reported by Plaintiff and written for an earlier start-up ABA magazine, *Experience*, was named best feature in the nation by the American Society of Association Executives in 1994. Another ABA publication Plaintiff wrote, *Client Update*, was named the country's best-written newsletter in 1993 by the Society of National Association Publications.

9. Plaintiff performed his job responsibilities as a Senior Editor competently and efficiently and received favorable employment reviews from the ABA including his last three in 2004, 2005 and 2006 which were "meets or exceeds" expectations.

10. Throughout Plaintiff's employment, it was the policy of the ABA not to discriminate against an employee because of his or her age.

11. Nevertheless, Plaintiff's supervisor, Susan Yesne and a Human Resources person, Sandra Yamate, appeared in Plaintiff's office on January 4, 2007 in the afternoon, and told him, after 21 years, he had been fired and had to leave by 5:00 p.m.

12. When being so informed on the afternoon of January 4, 2007, Plaintiff having received no

prior warning, was shocked, surprised, and frightened, and asked whether he could submit a resignation letter so he might more easily be able to obtain other employment.

13. The ABA permitted the submission of the resignation letter (Exhibit A attached) and then escorted Plaintiff out.

14. To make matters even more confusing to Plaintiff, on that same day, January 4, 2007, Plaintiff received a letter from Henry White, the executive director of the ABA, congratulating him on 20 years of service to the ABA. (Ex. B attached)

15. Neither on January 4, 2007, nor anytime prior to that, was Plaintiff informed of any reason why his termination was imminent.

16. On January 4, 2007, Plaintiff was the oldest of 12 editors with the ABA: being 65, with the remaining editors, on information and belief, being younger.

17. The ABA has, therefore, discriminated against Plaintiff because of his age in violation of his rights under the ADEA, as amended.

18. On January 25, 2007, Plaintiff, pursuant to 42 USC §2000(e)-(5) and the regulations thereunder, filed a complaint of discrimination with the Equal Employment Opportunity Commission.

19. On July 27, 2007, the EEOC issued Plaintiff a notice of right to sue. A true and correct copy of this notice is attached hereto as Exhibit C.

20. Less than 90 days have expired since Plaintiff's receipt of the notice of right to sue.

21. The ABA's violations of Plaintiff's rights under the ADEA, as amended, have caused Plaintiff pecuniary damages.

WHEREFORE, Plaintiff, Ray DeLong, requests that this Court enter judgment in his favor and against Defendant, ABA as follows:

(I) enjoining the ABA from engaging in such unlawful practices as alleged in this

3

complaint;

(II)  awarding Plaintiff damages in an amount authorized under the ADEA, as amended;

(III) awarding Plaintiff attorneys fees and costs; and

(IV) awarding Plaintiff such other relief as this Court may deem appropriate.

Ray DeLong DEMANDS TRIAL BY JURY.

Respectfully submitted,

/Arthur S. Gold
One of Plaintiffs' attorneys

GOLD & COULSON
A Partnership of Professional
and Limited Liability Corporations
11 S. LaSalle Street
Suite 2402
Chicago, Illinois 60603
(312) 372-0777
(312) 372-0778 Facsimile
C:\WPS1\AS\DELONG\COMPLAINT.WPD

4

**ABA** Defending Liberty
Pursuing Justice

**EDITOR**
Ray DeLong
(312) 988-6122

**EDITORIAL BOARD**

**EDITOR-IN-CHIEF**
Kathleen Hopkins
Seattle

**MEMBERS:**

Mark D. Anderson
Arlington, Va.

Robert Boehm
Coral Gables, Fla.

Bruce J. Borrus
Seattle

Judge Philip H. Brandt
Seattle

J. Williamson Callison
Denver

Pamela M. Dashiell
Boston

Arthur F. Fergenson
Baltimore

P. Gregory Giordano
Las Vegas

Ira D. Hammerman
Washington

J. Scott Hollyfield
San Bruno, Calif.

Rick L. Lambert
Dallas

Paul L. "Chip" Lion
Palo Alto, Calif.

Juliet Moringiello
Harrisburg, Pa.

Donna Nance
Atlanta

Metchi Palaniappan
Phoenix

Vincent I. Polley
Bloomfield Hills, Mich.

June Towery
Atlanta

William J. Woodward Jr.
Philadelphia

AMERICAN BAR ASSOCIATION

**Business Law Today**
ABA Publishing
321 N. Clark Street
Chicago, Illinois 60610-4714
FAX: (312) 988-6035

January 4, 2007

Annette Reyes
Director, REcruitment

I hereby resign my position, effective today.

*[signature]*

Ray DeLong



**HENRY F. WHITE, JR.**
Executive Director &
Chief Operating Officer

**AMERICAN BAR ASSOCIATION**

321 North Clark Street
Chicago, IL 60610-4714
(312) 988-5225
FAX: (312) 988-5151
E-mail: hfwhite@staff.abanet.org

December 12, 2006

Raymond DeLong
Periodicals

Dear Raymond:

*Terrific!*

Congratulations on the 20th anniversary of your employment with the American Bar Association. Thank you for your hard work and dedication during these years at the ABA.

The Officers, Board of Governors and I are very proud of the talented and dedicated staff of the American Bar Association. We are convinced that we have the finest association staff in the world.

We wish you much continued success in the coming year.

Sincerely,

Hank

Henry F. White, Jr.
Executive Director and
  Chief Operating Officer

HFWJr/mjw

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Ray Delong
433 Burton
Highland Park, IL 60035

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-01015 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

**NOTICE TO THE PERSON AGGRIEVED:**
(See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

July 27, 2007
(Date Mailed)

Enclosures(s)

cc: AMERICAN BAR ASSOCIATION
321 N Clark St
Chicago, IL 60610